961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joaquin TORRES-PEREZ, Defendant-Appellant.
 No. 91-50358.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 22, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Joaquin Torres-Perez was convicted of aiding and abetting possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) (1988). He appeals the district court's refusal to grant a two-point reduction in his offense level for acceptance of responsibility. We affirm.
 
 I. FACTS
 
 3
 Undercover agents posing as buyers met several times with Torres. At the first meeting, he told them that he and his associates had ten kilograms of cocaine available. The agents refused his delivery terms. Torres later contacted informants and said that he had obtained a new source who would deliver on more acceptable terms. They agreed to make the deal but Torres again canceled.
 
 
 4
 Later Torres introduced the informants to codefendant Juan Quesada. After negotiations, Torres told an informant that they had ten more kilograms available. The deal again fell through. Two days later, however, the deal did take place. Torres contacted an informant and arranged for a meeting. The undercover agent met with Torres and Quesada at a Denny's restaurant and followed them to a second restaurant, Burger King; other codefendants led an informant from that restaurant to 2774 Boston Avenue, where the informant was shown approximately five kilograms of cocaine. After the informant verified that the cocaine existed, the agent was led to the cocaine; the defendants were then arrested. Torres was never physically present at the Boston Avenue location.
 
 
 5
 Torres recounted his role somewhat modestly to the probation office. Under his account, an informant asked him for drugs and he merely introduced the informant and an agent to an intermediary, who in turn introduced them to Quesada. Torres claimed that his only act was to perform this introduction. He further claimed that he had not known any of his codefendants until after his arrest.
 
 
 6
 Torres pled guilty to aiding and abetting possession of cocaine with intent to distribute. Although the plea agreement required the government to recommend a two-point reduction for acceptance of responsibility, the probation report recommended no reduction. It concluded that the investigative materials and statements by agents belied his account. The sentencing judge denied the reduction.
 
 II. ANALYSIS
 
 7
 Torres makes two claims: that the district court did not make a sufficient factual record to justify denial of the downward adjustment, and that it relied on impermissible facts to justify the denial. After examining the government's threshold argument that we lack jurisdiction, we explore each of these claims in turn.
 
 
 8
 A. Jurisdiction. The government argues that we lack jurisdiction because the notice of appeal was not timely filed. The district court entered the judgment of sentence on April 4, 1991. The period for filing a notice of appeal was ten days. Fed.R.App.Proc. 4. Since April 14, 1991 was a Sunday, however, Torres' notice of appeal, filed April 15, was timely. Fed.R.App.Proc. 26. This court has jurisdiction over the appeal.
 
 
 9
 B. Sufficiency of the factual record. The district court made an adequate factual record for denying the downward reduction. The sentencing transcript belies Torres' claim that the record is ambiguous as to whether the district court found that he personally had not accepted responsibility or it was merely using him to warn other defendants. According to the court, Torres maintained that he had merely introduced two people and did not participate further, and that he had not known his codefendants before his arrest. Sentencing Transcript at 4, 7, 10, 13, 18. The court repeatedly stated, based on specific evidence such as audiotapes of Torres' conversations with the others, the government's surveillance forms, Torres' repeated attempts to put the deal together and the careful negotiations which preceded the deal, that Torres' characterization was "an outright falsity." S.T. 13; see also S.T. 10, 17-18, 20. It is therefore clear that the district court found that Torres' statement did not actually accept responsibility for what he had done. The court's warning to other defendants and defense counsel was nothing more than an admonition not to follow in Torres' steps, because Torres had not done enough.
 
 
 10
 C. Reliance on impermissible facts.
 
 
 11
 Torres claims that the trial court relied impermissibly on two factors: his refusal to accept responsibility for conspiracy when he was convicted only of substantive possession, and the government's recommendation that he not receive the downward adjustment. He waived the first of these arguments by failing to raise it below. We do not consider it further.
 
 
 12
 As to the second, Torres recites two factors relevant under Guideline § 5K1.1 (sentence reduction for assistance to authorities) and argues that the court here relied impermissibly on those factors even though this was not a § 5K1.1 case. First is the government's evaluation of the assistance rendered. The court did not rely on this factor. Neither the probation report nor the judge relied on the government's assessment of Torres' statement. The only mention of the government's assessment came at the end of the hearing, after the court had already stated that he had not accepted responsibility. Under the government's view, the plea agreement required the recommendation only if Torres in fact accepted responsibility. S.T. 22. It discussed its view of his purported acceptance to show it was not obligated to recommend the reduction. There is no indication the court considered this assessment for the separate purpose of deciding whether Torres had accepted responsibility.
 
 
 13
 Finally, Torres contends that the court improperly relied on the "truthfulness, completeness and reliability" of the statements to government officials. The court was allowed to take this factor into account in evaluating Torres' acceptance of responsibility. United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3